UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROANE COUNTY, TENNESSEE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:23-CV-270-TAV-JEM |
| M3 FIRE APPARATUS, LLC, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

This civil matter is before the Court on plaintiff and defendant HME, Inc.'s Stipulation and Notice of Voluntary Dismissal with Prejudice [Doc. 17].[1] In their filing, plaintiff and defendant HME, Inc. ("HME")[2] state that they stipulate "that the entire complaint of Plaintiff and this litigation should be dismissed with prejudice" and that "Clerk's fees, if any, shall be taxed to HME" [*Id.* at 1]. Accordingly, plaintiff and defendant HME move for an appropriate order to be entered reflecting these stipulations, "with each party to pay their own respective legal fees, litigation expenses[,] and discretionary costs" [*Id.*]. Plaintiff also represents that it has not served defendant M3 Fire Apparatus, LLC ("M3"), and M3 has not appeared in this action [*Id.*]. In turn, plaintiff states that, to any extent necessary, it notices the voluntary dismissal with prejudice of any claims against M3 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

---

[1] While not entitled a motion, plaintiff and defendant HME move the Court for relief [Doc. 17, p. 1], and therefore, the Court will treat such filing as a motion.

[2] As noted *infra*, defendant HME has already been dismissed from this action.

Previously, plaintiff and defendant HME moved for the Court to dismiss this action with prejudice and in accordance with their agreed upon stipulations [*See* Doc. 15]. Pursuant to Federal Rule of Civil Procedure 21, the Court granted plaintiff and defendant HME's motion to the extent they stipulated that the case against defendant HME should be dismissed and as to their assignment of costs, fees, and expenses [*See* Doc. 16, pp. 2–3]. Accordingly, the Court dismissed defendant HME with prejudice [*Id.* at 3]. However, the Court denied plaintiff and defendant HME's motion to the extent it requested dismissal of the *entire* action [*id.*], noting that it would be inappropriate to do so given another defendant, M3, remained in the case [*Id.* at 2 n.1]. Now, it appears that plaintiff and defendant HME, though already dismissed as a defendant, are moving for the same relief as previously requested [*see* Doc. 15] with the addition of a notice of voluntary dismissal of remaining defendant M3 [Doc. 17].

Given defendant HME has already been dismissed, and plaintiff and defendant HME's desired assignment of costs, fees, and expenses has already been granted by this Court [Doc. 16], the Court turns to defendant M3 and plaintiff's notice of voluntary dismissal. Under Rule 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." As plaintiff alluded, defendant M3, the only remaining defendant, has not filed an answer or motion for summary judgment [Doc. 17, p. 1], and therefore, notice of dismissal under Rule 41(a)(1)(A)(i) is proper.

A notice of dismissal in such circumstances is "self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal" and thus, is "effective immediately upon . . . filing." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993). Consequently, plaintiff voluntarily dismissed this case with prejudice upon the filing of the instant motion [Doc. 17]. While no order is necessary to effectuate this disposition, plaintiff's motion [Doc. 17] is **GRANTED**, and this matter is **DISMISSED with prejudice**. An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE